USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/5/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JUAN TOMAS DIAZ,

Defendant.

25-cr-96 (MKV)

ORDER ADJOURNING
SENTENCING

MARY KAY VYSKOCIL, United States District Judge:

On December 18, 2025, the Court accepted Defendant's guilty plea to Count Two of the Indictment in this case, charging him with Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) [ECF No. 42 ("Plea Tr.")].  At the change of plea hearing, the Court obtained confirmation that the government is seeking restitution for victims in this case and directed counsel to confer about such restitution "well in advance of the submission of your sentencing submissions." Plea Tr. at 44:19–20.  Indeed, the Court explained that the parties should confer about all potential financial penalties to determine if such penalties would be on consent, directed the parties to submit "any proposed orders, if they're on consent, with the government's submission," and stressed that, "if there's not consent, I'm warning you now, you need to call [that] to my attention early . . . ." *Id.* at 45:3–6.  The Court specifically admonished counsel, "don't . . . wait until the day that your submission are due" to "call [issues] to my attention," especially "because the government's submission is due [only] one week in advance" of the sentencing, which "doesn't leave [the Court] any time" to "resolve" the issue in advance of the sentencing. *Id.* at 44:21–45:1.  In other words, the Court made clear it intended to resolve any issues related to restitution, or other financial penalties, before sentencing.

Nevertheless, one week before the scheduled sentencing in this case, the government advised the Court for the first time in its sentencing submission that there are unresolved issues

with respect to the restitution [ECF No. 45 ("Gov Mem.") at 3].  The government requests "90 days from the date of the sentencing to make an application to the Court regarding restitution." Gov. Mem. at 3.  It further proposes to provide "an update 30 days after sentencing regarding the status of restitution."  *Id.*

The Court recognizes that it may have authority to enter an order of restitution after the sentencing pursuant to 18 U.S.C. § 3664(d)(5).  *See United States v. Avenatti*, 81 F.4th 171, 205 (2d Cir. 2023); *United States v. Zakhary*, 357 F.3d 186, 193 (2d Cir. 2004).  However, this Court's practice is, whenever possible, to resolve impose financial penalties at the time of sentencing and, therefore, to resolve any disputes as to financial penalties in advance of sentencing.  This practice is reflected in Rule 6(D) of the Court's Individual Rules of Practice in Criminal Cases.  Moreover, as explained above, the Court clearly instructed the parties at the plea hearing to bring any issues with respect to restitution to the Court's attention sufficiently in advance to enable the Court to enter an order of restitution at the sentencing.  *See* Plea Tr. at 44–45.  The parties here, however, ignored the Court's Rules and instructions.

Accordingly, IT IS HEREBY ORDERED that the sentencing that was previously scheduled to take place on May 7, 2026 is ADJOURNED to June 22, 2026 at 11:00 a.m.  IT IS FURTHER ORDERED that by June 4, 2026 the parties shall submit either (1) a proposed order of restitution on consent, or (2) pre-hearing submissions in advance of a hearing on the restitution. **The parties must advise the Court of any disputes regarding all financial penalties by June 4, 2026.** IT IS FURTHER ORDERED that any hearing on restitution will take place on June 11, 2026 at 11:00 a.m.

**SO ORDERED.**

**Date:  May 5, 2026**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**